# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| YOLISIMA BENAVIDES and LORENA OCHOA, as executrixes of The Estate of Carlos Ochoa and derivatively on behalf of Classic Tile and Plaster, LLC, a Mississippi Limited Liability Company, and Classic Tile and Plaster, LLC, a Tennessee Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> CLASSIC TILE AND PLASTER, LLC, a Mississippi Limited Liability Company, CLASSIC TILE AND PLASTER, LLC, a Tennessee Limited Liability Company, <br><br> and <br><br> JORGE DE OCHOA, JORGE DE OCHOA, JR., and ROMEO DE OCHOA as members of Classic Tile and Plaster, LLC, a Mississippi Limited Liability Company, and Classic Tile and Plaster, LLC, a Tennessee Limited Liability Company, <br><br> Defendants. | No. 2:23-cv-2592-SHL-tmp |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REMAND

Before the Court is Defendants Classic Tile and Plaster, LLC, a Tennessee Limited Liability Company ("CTP TN"), Classic Tile and Plaster, LLC, a Mississippi Limited Liability Company ("CTP MS"), Jorge De Ochoa ("Jorge"), Jorge De Ochoa, Jr. ("Jorge Jr."), and Romeo De Ochoa's ("Romeo") Motion to Dismiss, filed November 15, 2023. (ECF No. 19.) Defendants argue that the case must be dismissed because complete diversity does not exist

between the parties.  (ECF No. 20 at PageID 67.)  Plaintiffs Lorena Ochoa and Yolisima Benavides filed their Response in Opposition to Motion to Dismiss and Motion for Remand to Shelby County Circuit Court on December 13, 2023.  (ECF No. 21.)  For the following reasons, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Motion to Remand is **DENIED**.

## BACKGROUND

On September 19, 2023, Plaintiffs filed their Complaint against Defendants, alleging that Jorge, Jorge Jr. and Romeo breached their fiduciary duties owed to Plaintiffs under Tennessee and Mississippi state law.  (ECF No. 1 at PageID 7–11.)  Plaintiffs assert that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy in this civil action exceeds the sum or value of $75,000 and is between citizens of Tennessee and Mississippi."  (Id. at PageID 3.)  Both Plaintiffs and Defendants Jorge and Jorge Jr. are all residents of Tennessee, Romeo resides in Mississippi, CTP TN is incorporated in and has its principal place of business in Tennessee, and CTP MS is incorporated in and has its principal place of business in Mississippi.  (Id. at PageID 2–3.)

## LEGAL STANDARD

Defendants move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court does not have subject matter jurisdiction.  (ECF No. 20.)  There are two ways to establish federal subject matter jurisdiction: federal question and diversity.  Glenn-Lopez v. Encompass Health Methodist Rehab. Hosp., No. 2:23-cv-2115-JTF-tmp, 2023 WL 4033952, at *1 (W.D. Tenn. Jun. 15, 2023).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists between the parties, meaning no plaintiff or defendant are citizens of the same state.  Id. (citing 28 U.S.C. § 1332(a)).  "The plaintiff has the burden of proving subject matter jurisdiction in order to survive a Rule

12(b)(1) motion to dismiss." Thomas v. Santore, No. 2:09-CV-254, 2010 WL 427651, at *1 (E.D. Tenn. Feb. 2, 2010) (citing Madison-Hughes v. Shalala, 80 F.3d 1121, 1130 (6th Cir. 1996)). "If the complaint competently alleges any facts, which if true, would establish a ground for subject matter jurisdiction, the court must accept those facts, end its inquiry and deny the motion to dismiss." Thomas v. United States, No. 2:16-cv-2965-JTF-dkv, 2017 WL 5957770, at *2 (W.D. Tenn. Mar. 29, 2017).

## ANALYSIS

### I. Motion to Dismiss

Defendants argue that Plaintiffs have failed to establish complete diversity in this case because both Plaintiffs and Defendants Jorge, Jorge Jr., CTP TN, and CTP MS are all citizens of Tennessee. Plaintiffs do not appear to contest this. (ECF No. 21 at PageID 72) ("Taking the arguments of opposing counsel as true, the lack of diversity removes subject matter jurisdiction from this Court over this civil action.")

Citizenship for individuals is determined by their domicile. 28 U.S.C. § 1332. In their Complaint, Plaintiffs acknowledge that both Plaintiffs, Jorge, and Jorge Jr. all live in Tennessee. (ECF No. 1 at PageID 2.) Because there are plaintiffs and defendants who are citizens of the same state, diversity jurisdiction is defeated. See Glenn-Lopez, 2023 WL 4033952, at *1. Thus, the Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction.[1]

### II. Motion to Remand

Plaintiffs argue that, in lieu of dismissal, the Court should remand this action to Shelby County Circuit Court pursuant to 28 U.S.C. § 1447. (ECF No. 21 at PageID 72.) However,

---

[1] Because complete diversity does not exist between the individual parties, the Court need not perform the analysis to determine the citizenship of CTP TN and CTP MS.

Section 1447 governs the procedures after a case is removed from state court—which this case never was. Further, all of the cases that Plaintiffs cite for support involve cases that had been previously removed. Because Plaintiffs have not identified any authority that establishes that this Court has the authority to remand a case to state court that was not initially filed there, their Motion to Remand is **DENIED**.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED,** this 10th day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
